# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

BRANDON JASON FLAKES, #603408, )
                           Petitioner, )

                                 ) No. 1:13-cv-889

-v- )

                                 ) Honorable Paul L. Maloney

CARMEN PALMER, )
                        Respondent. )
_____ )

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING HABEAS RELIEF

Petitioner Brandon Flakes filed a petition for habeas relief under § 2254. The magistrate judge issued a report recommending the petition be denied. (ECF No. 22.) Flakes filed objections. (ECF No. 24.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

The Court has reviewed the record, the report and recommendation, and objections. The Court concludes Flakes is not entitled to habeas relief.

Objection 1 – Evidentiary Rulings. Flakes' objection on this point is overruled. Generally, evidentiary rulings by the state trial court, even when erroneous, will not rise to

the level of a due process violation. The evidence of which Flakes complains was not "material in the sense of a crucial, critical highly significant factor." *Ege v. Yukins*, 385 F.3d 364, 375 (6th Cir. 2007).

Objection 2 – Prosecutorial Misconduct. Flakes' objection on this point is overruled. Like evidentiary rulings, to merit habeas relief a claim for prosecutorial misconduct must be based on conduct so egregious it implicates constitutional due process; the misconduct must have "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (citation omitted). The Sixth Circuit explained that the misconduct "must be so pronounced and persistent that it permeates the entire atmosphere of the trial or so gross as probably to prejudice the defendant." *Mason v. Mitchell*, 320 F.3d 604, 635 (6th Cir. 2003) (citation omitted). The Court has reviewed the transcript of the closing arguments and concludes that the prosecutor's statements did not cross the constitutional threshold.

Objections 3 and 4 – Jury Instructions. Flakes' objections on the issue of jury instructions are overruled. For federal habeas relief based on erroneous instructions in state court, the petitioner must show that the "ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Estelle v. Gamble*, 502 U.S. 62, 72 (1991). A federal court may not grant habeas relief simply because the instruction was allegedly incorrect under state law. *Id.* at 71. The Sixth Circuit has held that this standard is a "high bar to relief" and that relief should be granted "only in extraordinary cases." *Daniels v. Lafler*, 501 F.3d 735, 741-42 (6th Cir. 2007). In addition, under Michigan law, statutory involuntary manslaughter is not a necessarily included lesser offense to second-degree murder. *People*

*v. Smith*, 731 N.W.2d 411, 415 (Mich. 2007). Flakes has not demonstrated a constitutional violation arising from the instructions given or from the failure to give another instruction on a lesser-included offense.

Objection 5 – Sufficiency of the Evidence. Flakes asserts that the evidence at trial did not establish malice. Flakes' objection on the sufficiency of the evidence is overruled. Under Michigan law, the malice element refers to a state of mind, "the intent to kill, the intent to cause great bodily harm, *or the intent to act in wanton and willful disregard of the likelihood that the natural tendency of such behavior is to cause death or great bodily harm.*" *People v. Goecke*, 579 N.W.2d 868, 878 (Mich. 1998). The malice element can be supported by facts showing that the defendant pointed a loaded gun at the victim. *Hampton v. Metrish*, No. 08-cv-10147, 2009 WL 3818203, at *4 (E.D. Mich. Nov. 13, 2009) (collecting Michigan cases). In a habeas petition, a challenge to the sufficiency of the evidence at trial requires the federal court to view the evidence if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). This standard is a "nearly insurmountable hurdle" for a habeas petition. *Davis v. Lafler*, 658 F.3d 525, 534 (6th Cir. 2011). Flakes has not overcome this hurdle. The evidence introduced at trial supports the verdict.

Accordingly, the Report and Recommendation (ECF No. 22) is **ADOPTED** as the Opinion of this Court. Flakes' petition for habeas relief is **DENIED.** The Court has reviewed the record for the purpose of determining whether to issue a Certificate of Appealability. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). The Court finds that reasonable jurists would not disagree with the manner in which each claim was resolved. The burden for each of Flakes' claims is especially high and he has not met the burden for any of his claims. Therefore, a Certificate of Appealability is **DENIED.**

**IT IS SO ORDERED.**

Date:  January 8, 2019                         /s/ Paul L. Maloney
                                              Paul L. Maloney
                                              United States District Judge